In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00104-CR

                                                ______________________________

 

 

                                      EARNEST L.
MCFAIL, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26,139

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            “Fly” got
caught in a trap—a controlled buy of cocaine staged by law enforcement in Hunt County.  In the subsequent jury trial, Earnest L. “Fly”
McFail was convicted of delivery of one gram or more, but less than four grams,
of cocaine.[1]  McFail’s sole challenge on appeal questions
the legal sufficiency supporting his conviction.  Because there is legally sufficient evidence,
we affirm the trial court’s judgment.

            McFail was
trapped in the controlled drug purchase by the Greenville Police Department and
Drug Enforcement Administration (DEA), aided by Ronnie Baucom, a recent
arrestee turned confidential informant. 
Knowing he could purchase crack cocaine from McFail, Baucom carried out
a plan in which he would call McFail from a pay telephone to “tell Fly what he
needed and Fly would meet him at McDonald’s.” 
The trap was set.

            As part of
the plan, Baucom drove his vehicle to a designated meeting place arranged by
the officers.  The officers’ search of
Baucom and his vehicle did not yield drugs. 
They outfitted Baucom with video surveillance equipment and gave him
$100.00 to purchase crack cocaine.  While
officers watched and listened, Baucom drove to a pay telephone at a local
filling station, called McFail, and arranged to meet him in the McDonald’s parking
lot.  After several minutes, a sports
utility vehicle (SUV) with tinted windows parked beside Baucom’s vehicle in the
McDonald’s parking lot.  Baucom stepped
out of his vehicle and into the back seat of the SUV, which McFail was
driving.  The video showed Baucom handing
money to McFail, McFail passing an object to Baucom, and Baucom exiting the
SUV.  Due to the video camera’s position,
the actual crack cocaine was not recorded. 
Baucom testified, “I handed him some money; he handed me some crack.”  DEA officer Robert P. Binder testified that “drugs
were exchanged.”  After Baucom entered
the security of his vehicle, he relayed to officers that he had received “two
quarters and five dimes” of crack cocaine. 
Baucom drove back to the designated meeting place and transferred “off-white,
rock-like substance[s]” to the DEA officers. 
The net amount of crack cocaine totaled 1.3 grams.  

            In
evaluating legal sufficiency, we review all the evidence in the light most
favorable to the jury’s verdict to determine whether any rational jury could
have found the essential elements of delivery of one gram or more but less than
four grams of cocaine beyond a reasonable doubt. Brooks v. State, No. PD-0210-09, 2010 WL 3894613, at *8 (Tex. Crim.
App. Oct. 6, 2010) (4-1-4 decision) (citing Jackson
v. Virginia, 443 U.S. 307, 319 (1979)); Hartsfield
v. State, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref’d)
(citing Clayton v. State, 235 S.W.3d
772, 778 (Tex. Crim. App. 2007)).  Our
rigorous legal sufficiency review focuses on the quality of the evidence
presented.  Brooks, 2010 WL 3894613, at *14. 
We examine legal sufficiency under the direction of the Brooks opinion, while giving deference
to the responsibility of the jury “to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318–19).

 

            Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  McFail committed a second degree felony
offense if he knowingly delivered one gram or more, but less than four, grams
of cocaine.  Tex. Health & Safety Code Ann. § 481.112(a), (c) (Vernon
2010). 

            McFail
argues that, because the video did not visually depict the transfer of cocaine
to Baucom, the State has failed to meet its burden to prove delivery of cocaine
by McFail.  Despite Baucom’s testimony,
he claims “there has been no evidence that the cocaine Baucom handed over to
the DEA and Greenville Police Department did not come from a delivery at
another location.”  McFail also argues
that, because “there was no testimony that anyone searched the payphone,” it is
possible the drugs were found or planted there.[2]  Baucom testified, however, that there were no
drugs in the telephone booth.  

            McFail’s
complaints delve into the realm of the jury’s purview.  The jury was free to believe Baucom’s
testimony that he purchased crack cocaine from McFail while disregarding
defense theories to the contrary. 
Looking at all the evidence in a light most favorable to the verdict, we
find in this record legally sufficient evidence for a rational jury to draw an
inference beyond a reasonable doubt that McFail delivered 1.3 grams of cocaine.

            Therefore,
we affirm the trial court’s judgment. 

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          December
13, 2010     

Date Decided:             December
14, 2010

 

Do Not Publish

 

 

 

 

 

 











[1]McFail
was sentenced to life imprisonment after pleading true to multiple enhancements
alleging he was previously convicted of delivery of cocaine, possession with
intent to deliver cocaine, and attempted armed robbery. 





[2]A
constructive transfer can occur by placing the contraband “in a particular
location and then advis[ing] the recipient of this location so that the
recipient can retrieve” it.  Sims v. State, 117 S.W.3d 267, 268–69 (Tex. Crim. App. 2003).
 To support his theory, McFail cites a
case involving constructive transfer which requires the State to prove the
substance was directly or indirectly under a defendant’s control before
transfer.  Because this case involves
actual transfer according to Baucom’s testimony, this requirement was
necessarily met.